UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE RAY THOMAS,

    Petitioner,                                  Case No. 2:09-CV-11520

v.                                              HON. AVERN COHN

RAYMOND BOOKER,

    Respondent.
_____/

## ORDER OF SUMMARY DISMISSAL

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Antoine Ray Thomas, (Petitioner), is a state inmate at the Ryan Correctional Facility in Detroit, Michigan, where he is serving a sentence of fourteen to fifty years for the crime of conspiracy to commit armed robbery, Mich. Comp. Laws § 750.157a. Petitioner has filed a <u>pro se</u> petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed because Petitioner's claims fail to state claims upon which habeas relief may be granted.

### II. Procedural History

Petitioner pleaded no contest to the above charge in the Muskegon County Circuit Court, as part of an agreement under <u>People v. Cobbs</u>, 443 Mich. 276 (1993) that Petitioner's minimum sentence would not exceed fourteen years. On September 3, 2002, Petitioner was sentenced to fourteen to fifty years in prison.

On October 21, 2005, the trial court granted Petitioner's motion for re-sentencing based upon the court's failure to conduct a juvenile dispositional hearing at the time of Petitioner's original sentence, due to the fact that Petitioner was 16 years old at the time of the commission of the offense.

On April 7, 2006, the juvenile dispositional hearing was held. Following testimony and arguments, the trial court again sentenced Petitioner to fourteen to fifty years in prison as an adult.

Petitioner's sentence was affirmed on appeal. People v. Thomas, No. 277305 (Mich. Ct. App. May 4, 2007)(Owens, J., would grant the delayed application for leave to appeal); lv. den. 480 Mich. 963 (2007)(Cavanagh, J., would remand this case to the Court of Appeals as on leave granted).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Trial court's finding of fact to raise Mr. Thomas' offense variable score violated his Sixth Amendment right to a jury trial under Blakely v. Washington.
>
> II. Mr. Thomas is entitled to resentencing because the trial court failed to allow him an opportunity to allocute before the Court decided to sentence him as an adult in direct violation of People v. Petty.
>
> III. Mr. Thomas is entitled to resentencing because the trial court used the wrong sentencing grid, scoring conspiracy not a crime against public safety, but rather as a crime against a person. Offense Variables 2 and 17 should not have been scored on this ground, as well as on independent grounds.
>
> IV. Mr. Thomas is entitled to resentencing because, as a matter of law, points for OV 12 cannot be based on carrying a concealed weapon.
>
> V. Mr. Thomas is entitled to resentencing because the trial court erred in scoring points for OV 19, because someone involved in the crime took steps to avoid deception.

2

### III.  Analysis

#### A.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.  Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. See Carson v. Burke, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No answer to the petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of an answer by the state. Allen v. Perini, 424 F. 2d 134, 141 (6th Cir. 1970)(district court has duty to screen out any habeas corpus petition which lacks merit on its face); See also Mahaday v. Cason, 222 F. Supp. 2d 918, 919 (E.D. Mich. 2002)("Under the federal statutes governing habeas corpus proceedings, an answer to a petition for habeas corpus is not required unless the court orders one.").

After undertaking the review required by Rule 4, the Court concludes, for reasons stated below, that Petitioner's sentencing claims do not entitle him to habeas relief, such that the petition must be summarily denied.

#### B.

Petitioner's third, fourth, and fifth claims allege several errors in the scoring of his sentencing guidelines range.  Petitioner, however, has no state created liberty interest

in having the Michigan sentencing guidelines applied rigidly in determining his sentence. See Thomas v. Foltz, 654 F. Supp. 105, 106-107 (E.D. Mich. 1987).  To the extent that Petitioner is claiming that his sentence violates the Michigan state sentencing guidelines, his claim is not cognizable in a habeas proceeding because it is a state law claim.  Id.  Petitioner's claims that the sentencing guidelines were incorrectly scored thus fail to state a claim upon which habeas relief can be granted.  Cook v. Stegall, 56 F. Supp. 2d 788, 97 (E.D. Mich. 1999).  Thus, Petitioner's third, fourth and fifth claims must be dismissed.

In his first claim, Petitioner contends that the trial court violated his Sixth Amendment right to a trial by jury by using factors to his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner.  Petitioner relies on the case of Blakely v. Washington, 542 U.S. 296 (2004), in which the Supreme Court has held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.  Id. at 301 (citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).

Petitioner's reliance on Blakely is misplaced.  Blakely involved a trial court's departure from Washington's determinate sentencing scheme.  Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence.  The maximum sentence is not determined by the trial judge but is set by law.  See People v. Drohan, 475 Mich. 140, 160-61 (2006); People v. Claypool, 470 Mich. 715, 730, n. 14 (2004)(both citing Mich. Comp.

Laws § 769.8).  "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in Blakely, create a range within which the trial court must set the minimum sentence."  Drohan, 475 Mich. at 161.  Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range.  See People v. Babcock, 469 Mich. 247, 255, n. 7 (2003)(citing Mich. Comp. Laws § 769.34(2)).  Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence.  Claypool, 470 Mich. at 730, n. 14.  Michigan's indeterminate sentencing scheme is therefore unaffected by the Supreme Court's holding in Blakely.  Drohan, 475 Mich. at 164.  Moreover, Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury.  See Blakely, 542 U.S. at 304-05, 308-09.  As such, the trial court's calculation of petitioner's sentencing guidelines range did not violate petitioner's Sixth Amendment rights.  Petitioner has therefore failed to state a claim with respect to his first claim.

In his second claim, Petitioner contends that the trial court erred in failing to permit petitioner to allocute before the court decided to sentence petitioner as an adult at the juvenile dispositional hearing, in violation of People v. Petty, 469 Mich. 108 (2003).  Petitioner was permitted to offer allocution after the trial court decided to sentence Petitioner as an adult, but prior to sentence being imposed.

There is no constitutional right to allocution under the United States Constitution.  Pasquarille v. United States, 130 F. 3d 1220, 1223 (6th Cir. 1997)(citing Hill v. United States, 368 U.S. 424, 428 (1962)).  Therefore, a trial court's failure to afford a defendant the right to allocution raises neither a jurisdictional or constitutional error cognizable on habeas review.  Scrivner v. Tansy, 68 F. 3d 1234, 1240 (10th Cir. 1995); See also

5

Cooey v. Coyle, 289 F. 3d 882, 912 (6th Cir. 2002)(declining to issue certificate of appealability on denial of allocution claim).  Petitioner has therefore failed to state a claim upon which habeas relief may be granted on his second claim.

### IV. Conclusion

For the reasons stated above, the petition for writ of habeas corpus is DISMISSED.

SO ORDERED.

        s/ Avern Cohn  
        AVERN COHN  
        UNITED STATES DISTRICT JUDGE

Dated:  April 27, 2009

I hereby certify that a copy of the foregoing document was mailed to Antoine Thomas, 403217, Ryan Correctional Facility, 17600 Ryan Road, Detroit, MI 48212 the attorneys of record on this date, April 27, 2009, by electronic and/or ordinary mail.

        s/ Julie Owens  
        Case Manager, (313) 234-5160